**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHURCHLOANS.COM, et al.,** | **§** | |
| **Plaintiffs,** | **§** | |
| | **§** | |
| **v.** | **§** | **Civil Action No. 3:12-CV-1681-N-BH** |
| | **§** | |
| **ELDER JERRY W JOHNSON, et al.,** | **§** | |
| **Defendants.** | **§** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court for recommendation are *Plaintiffs' Motion and Brief in Support of Motion to Remand*, filed June 1, 2012 (doc. 6) and *Plaintiffs' Supplemental Motion to Remand*, filed August 30, 2012 (doc. 11). Based on the relevant filings, evidence, and applicable law, both motions should be **GRANTED**.

**I. BACKGROUND**

This case involves real property located at 1020 East Pleasant Run Road, DeSoto, Texas 75115 (Property). Church Loans & Investments Trust and Herring Bank (Plaintiffs) purchased the Property at a non-judicial foreclosure sale on January 4, 2012. Jerry Wayne Johnson (Defendant) claimed to reside at the Property and remained there after its foreclosure. The parties do not have a landlord-tenant relationship.

On March 5, 2012, Plaintiffs filed a forcible detainer petition in the Justice of the Peace Court, Precinct 4, Place 1, of Dallas County, Texas. The court issued a citation for the defendants that was executed on March 8, 2012, and returned on March 9, 2012. The citation included a copy of the initial pleading. On March 22, 2012, the court awarded possession of the Property to Plaintiffs. On March 27, 2012, Defendant filed an Affidavit of Inability to Pay Costs (Pauper's

Affidavit), which the court disapproved on March 30, 2012. On April 4, 2012, Defendant appealed the court's order disapproving his Pauper's Affidavit and requested a *de novo* appeal to the Dallas County Court at Law No. 4. A hearing for that appeal was set for June 1, 2012.

Defendant removed the *de novo* appeal to this court on May 31, 2012, claiming federal question jurisdiction under 28 U.S.C. § 1331. He alleges that Plaintiffs' "actions violated federal law under Title VII of the Civil Rights Act of 1964, as well as other claims of retaliation, discrimination, and conspiracy."[1] He also contends that his claims arise under the 14th Amendment to the United States Constitution because he was denied equal access to the courts. On June 1, 2012, Plaintiffs moved to remand this case to the state court on three grounds: (1) lack of subject matter jurisdiction, (2) untimeliness of Defendant's notice of removal, and (3) lack of consent to remove by all properly served defendants.

## II. ANALYSIS

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a).

To determine whether federal jurisdiction exists, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas.*

---

[1] Defendant apparently refers to Plaintiffs' March 5, 2012 Forcible Entry and Detainer action.

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

**A. <u>Federal Question Jurisdiction</u>**

Plaintiffs argue that Defendant has failed to establish federal question jurisdiction. Defendant responds that federal question jurisdiction exists because Plaintiffs' forcible detainer action violated Title VII and denied him equal access to the courts under the 14th Amendment.

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

Here, Plaintiffs' well-pleaded complaint solely presents a post-foreclosure forcible detainer action seeking possession of the property at issue that arises under state law. *See MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (holding that federal question jurisdiction exists

"only ... if the federal question appears on the face of the plaintiff's well-pleaded complaint" and that "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action"), *cert. denied*, 537 U.S. 1046 (2002); *Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *6 (N.D. Tex. Nov. 16, 2010) (forcible detainer action to evict residents and obtain physical possession of property under Texas Prop. Code Ann. § 24.004 does not raise federal claim or provide basis for federal question jurisdiction). "It is not sufficient for the federal question to be raised in the answer or in the petition for removal." 295 F.3d at 490. Although Defendant contends that Plaintiffs' forcible detainer suit violated Title VII[2] and denied him of equal access to the courts under the 14th Amendment, these claims cannot provide the basis for federal question jurisdiction because they are not raised in Plaintiffs' complaint. *See id.* To the extent that Defendant asserts his claims as defenses or anticipated counterclaims to Plaintiffs' forcible detainer suit, these likewise cannot be considered in determining whether federal question jurisdiction exists. *See Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction").

Defendant has not met his burden to show that federal question jurisdiction exists over this case because the complaint presents a federally-created cause of action or Plaintiffs' right to relief depends on the resolution of a substantial question of federal law. Remand is therefore required for

[2] Title VII prohibits discrimination with respect to employment. *See* 42 U.S.C. §§ 2000e-2(a); 2000e-3(a); *see also King v. Life Sch.*, 809 F. Supp. 572, 579 (N.D. Tex. 2011). Defendant has plead no employment relationship with Plaintiffs.

lack of subject matter jurisdiction.

**B. Timeliness of Removal**

Plaintiffs contend that Defendant's removal notice was untimely because the matter pending in the county court was an appeal of the justice court's disapproval of his Pauper's Affidavit and not a new cause of action.

Removal of a civil action or proceeding from a state court must occur within thirty days after a defendant receives a pleading, motion, or other paper that suggests the existence of federal jurisdiction. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that the thirty-day deadline for removal commences on the date that the summons or citation is officially served).

Forcible detainer suits cannot originally be brought in a county court at law because justice of the peace courts have exclusive, original jurisdiction over those actions. *See Shaw v. Nix*, No. CIV. A. H.-98-2927, 1998 WL 894587, at *1 (S.D. Tex. 1998). Accordingly, an appeal of a forcible entry and detainer action to a county court at law is merely a continuation of the original suit filed in the justice court. *See id*. The thirty days for removal, therefore, begin to run when the defendant receives service of the forcible detainer suit. *See Wells Fargo Bank, N.A. v. Anderson,* No. 3:11-CV-024-K, 2011 WL 1135121, at * 2 (N.D. Tex. Mar. 28, 2011) (citing *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10-CV-2143-L, 2010 WL 5441673, at *2 (N.D. Tex. Dec. 23, 2010)).

Here, the thirty-day period for removal commenced on March 8, 2012, when the forcible detainer petition was formally served on the defendants. Therefore, Defendant's notice of removal was due on or before April 7, 2012. Because his May 31, 2012 removal notice was untimely, remand is warranted on this basis as well.

**C. <u>Consent to Remove</u>**

Plaintiffs also move to remand on grounds that none of the other defendants appealed the justice court's judgment and have consequently "not timely consented to removal."

All served and properly joined defendants must consent to and join in the removal petition no later than thirty days from the day on which the first defendant is served. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988). While "[t]his does not mean that each defendant must sign the original petition for removal," "there must be some timely filed written indication from each served defendant ... that [he] has actually consented to such action." *See id.* at 1262 n.11. If each served and properly joined defendant does not consent, the removal petition is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

As an exception to this general rule, "'nominal or formal' parties need not join in the removal petition." *Farias v. Bexar Cnty., Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted). To establish non-removing parties as nominal parties, "the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *See id.* (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549-50 (5th Cir. 1981)). Additionally, "if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required." *Henry v. Indep. Am. Sav. Assoc.*, 857 F.2d 995, 999 (5th Cir. 1988) (citations omitted).

Here, there is no indication that Cardell Deyun Booker, or any other properly joined and served defendant, appealed the justice court's judgment and consented to removal. Further, Defendant has not carried his burden to show that any exceptions to the consent rule apply.

Accordingly, remand is also warranted on this basis.

## III. CONCLUSION

Plaintiffs' motion to remand and supplemental motion to remand should be **GRANTED**, and the case should be remanded to Dallas County Court at Law No. 4.

**SO RECOMMENDED** on this 4th day of October, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE